# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

DANIEL M. AMIS AND WIFE,
MELODY G. AMIS                                                              PLAINTIFFS

VS.                                                    Civil Action No. 3:08-cv-706 HTW-LRA

WELLS FARGO BANK, NA,
HOMEQ SERVICING CORPORATION                                                 DEFENDANTS
AND ABC

## ORDER GRANTING REMAND

Before this court is a Motion to Remand [docket no. 3] brought by plaintiffs Daniel M. Amis and Melody G. Amis' ("Amises") and a Motion to Strike Memorandum in Opposition re Response to Motion to Remand [docket no. 8] brought by defendant HomeQ Servicing Corporation. Defendant Homeq Servicing Corporation ("HomeEq") removed this case on two grounds: diversity and federal question based upon the Fair Debt Collection Practice Act, 15 U.S.C. §1692 ("FDCPA"). Plaintiffs have stipulated they will not seek nor accept an amount in excess of $74,500. Removal based on diversity fails as the amount in controversy requirement has not been met.

HomeEq also removed this case pursuant to federal question jurisdiction, claiming that defendant's defenses are subject to federal law. Defendant is claiming, in effect, that plaintiffs are actually seeking redress under a federal law, even though it is not apparent in the face of their Complaint. In *Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 1999 F.3d 781 (5th Cir. 2000), the Fifth Circuit held that "[w]ithout complete preemption, the artful pleading doctrine does not apply." *Id.* at 783. It is a narrow exception to the well-pleaded complaint rule. The artful pleading doctrine applies where

the facts could *only* be asserted as a federal claim. Under this exception, "removal may be proper where the defendant can show that Congress has legislated as to completely preempt any state law claims . . . .", e.g. federal labor relations law, ERISA. *Dubose v. Merchs. & Farmers Banks*, 318 F. Supp. 2d 419, 425 (S.D. Miss. 2003). Then and only then should the case be removed to federal court based on the artful pleading doctrine. Those are not the facts here. The court does not find that the FDCPA is preemptive. Accordingly, plaintiffs have the right to pursue state claims in state court.

Having heard the arguments and reviewed the written submissions of the parties, it is hereby ORDERED and ADJUDGED that the Motion for Remand [docket no. 3] is GRANTED. The remaining motion to strike [docket no. 8] is moot.

SO ORDERED, this the 22nd day of March, 2009.

**s/ HENRY T. WINGATE**

_____
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action: 3:08-cv-706-HTW-LRA
Order Granting Remand